O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN JANE ROWSEY, | Case No. CV 13-5627 RNB |
| Plaintiff, | |
| vs. | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint herein on August 13, 2013, seeking review of the Commissioner's denial of her application for a period of disability and Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on June 3, 2014. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record, and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which
(continued...)

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1.     Whether the Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's treating physician.

2.     Whether the ALJ made a proper adverse credibility determination.

3.     Whether the ALJ posed a complete hypothetical question to the vocational expert.

**DISCUSSION**

As to Disputed Issue One, the Court concurs with the Commissioner that reversal is not warranted here based on the ALJ's alleged failure to properly consider the opinion of plaintiff's treating physician.  However, as to Disputed Issue Two, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination.  As a result of the Court's finding with respect to Disputed Issue Two, it is unnecessary for the Court to reach the issue of whether the ALJ posed a complete hypothetical question setting out all of plaintiff's limitations, including the limitations set out in plaintiff's subjective symptom testimony.

**A.     <u>Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinion of plaintiff's treating physician (Disputed Issue One).</u>**

Disputed Issue One is directed to the ALJ's rejection of the opinion of plaintiff's treating physician, Dr. Barcohana.  (<u>See</u> Jt Stip at 3-15.)

The law is well established in this Circuit that a treating physician's opinions

[1](...continued)
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1    are entitled to special weight because a treating physician is employed to cure and has
2    a greater opportunity to know and observe the patient as an individual.  See
3    McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's
4    opinion is not, however, necessarily conclusive as to either a physical condition or the
5    ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
6    1989).  The weight given a treating physician's opinion depends on whether it is
7    supported by sufficient medical data and is consistent with other evidence in the
8    record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's
9    opinion is uncontroverted by another doctor, it may be rejected only for "clear and
10   convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter
11   v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where, as here, the treating
12   physician's opinion is controverted, it may be rejected only if the ALJ makes findings
13   setting forth specific and legitimate reasons that are based on the substantial evidence
14   of record.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A
15   treating physician's opinion on disability, even if controverted, can be rejected only
16   with specific and legitimate reasons supported by substantial evidence in the
17   record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th
18   Cir. 1987).

19        In April 2011, Dr. Barcohana performed a right L5-S1 microdiskectomy on
20   plaintiff's back. (See AR 427-30.) Shortly thereafter, in May 2011, Dr. Barcohana
21   completed a Physical Residual Functional Capacity Questionnaire in which he
22   estimated plaintiff's functional limitations. (See AR 433-36.) Specifically, Dr.
23   Barcohana opined that plaintiff could lift less than 10 pounds frequently, could not
24   lift 10 pounds or more, could stand or walk for less than 2 hours in an 8-hour
25   workday, could sit for less than 6 hours in an 8-hour workday, and could not sit,
26   stand, or walk for prolonged periods of time. (See AR 434.) Notably, Dr. Barcohana
27   stated that he did not expect plaintiff's impairments to last for at least 12 months.
28   (See AR 433.)

The ALJ determined that Dr. Barcohana's opinion "cannot be relied upon to assess disability" for multiple reasons. One of the ALJ's stated reasons was that Dr. Barcohana's opinion was inconsistent with his own treating records and those of any other doctor. (See AR 31.) The Court concurs with plaintiff that this conclusory statement, without more, is not sufficiently specific to constitute a legally sufficient reason to reject Dr. Barcohana's opinion as unreliable. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."); Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) (same); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing Embrey, 849 F.2d at 421-22); Regenitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). As discussed below, however, the Court finds that the error was harmless.

Another reason proffered by the ALJ was that Dr. Barcohana's opinion was inconsistent with his own admission, in the same opinion, that plaintiff did well following back surgery and was experiencing only mild back pain. (See AR 31; see also AR 433.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely to reject Dr. Barcohana's opinion. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009) (ALJ properly "identified a contradiction" within treating medical opinion before rejecting it); Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (ALJ properly rejected treating medical opinion that had internal inconsistencies); Young v. Heckler, 803 F.2d 693, 967 (9th Cir. 1986) (substantial evidence supported non-disability determination where treating physician's form indicating claimant was "totally disabled" contradicted earlier medical reports, including those of physician

4

1   himself).  Although plaintiff disputes this inconsistency on the basis that Dr.

2   Barcohana's "subsequent medical reports" issued after the surgery established that

3   plaintiff still had severe pain (see Jt Stip at 8), the Court disagrees with this

4   characterization of the subsequent medical reports.  Those subsequent reports did

5   reflect that plaintiff continued to experience a varying degree of pain after her

6   surgery.  However, they also reflected that plaintiff's back pain was "mild" (see AR

7   441), that plaintiff was "doing well" (see id.), that plaintiff's right leg pain had gone

8   away (see AR 676), and that plaintiff had received relief from a trigger point injection

9   (see AR 677).  Moreover, these subsequent medical reports do not alter the fact that

10  Dr. Barcohana stated in his May 2011 opinion that plaintiff did well following back

11  surgery and was experiencing only mild back pain, a statement which the ALJ was

12  entitled to find was internally inconsistent with the rest of Dr. Barcohana's May 2011

13  opinion.  Since the ALJ's interpretation of the evidence thus was a rational one, it is

14  not the Court's function to second-guess it.  See Burch v. Barnhart, 400 F.3d 676, 679

15  (9th Cir. 2005) ("Where evidence is susceptible to more than one rational

16  interpretation, it is the ALJ's conclusion that must be upheld.").

17         The final reason proffered by the ALJ for rejecting Dr. Barcohana's opinion

18  was that a portion of the opinion in which Dr. Barcohana stated plaintiff was unable

19  to do "most daily activities such as housework" was inconsistent with plaintiff's

20  actual daily activities, which included a part-time job in which she stood much of the

21  time, spending "half the day sitting and half the day standing," and housework such

22  as preparation of meals for her family.  (See AR 31; see also AR 43-44, 433.)  The

23  Court finds that this also was a legally sufficient reason on which the ALJ could

24  properly rely to reject Dr. Barcohana's opinion.  See Rollins v. Massanari, 261 F.3d

25  853, 856 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion of

26  disability because it was inconsistent with claimant's level of activity).  Although

27  plaintiff disputes that there was any such inconsistency (see Jt Stip at 14-15), the

28  Court finds that Dr. Barcohana's opinion that plaintiff could not do housework was

5

1  clearly inconsistent with plaintiff's testimony that she did in fact do some housework,

2  including preparing meals, dusting, putting clothes on her children, and taking them

3  to school (see AR 44).

4       In sum, although one of the reasons proffered by the ALJ for rejecting Dr.

5  Barcohana's opinion was not legally sufficient, the error was inconsequential to the

6  ultimate non-disability determination because the other reasons were legally

7  sufficient.  See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th

8  Cir. 2006) (an ALJ's error is harmless when such an error is inconsequential to the

9  ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th

10  Cir. 1991) (harmless error rules applies to review of administrative decisions

11  regarding disability); see also Howell v. Commissioner Social Sec. Admin., 349 Fed.

12  Appx. 181, 184 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit

13  Rule 36-3) (ALJ's erroneous rationale for rejecting treating physician's opinion was

14  harmless because the ALJ otherwise provided legally sufficient reasons to reject

15  opinion) (citing Stout, 454 F.3d at 1054); Donathan v. Astrue, 264 Fed. Appx. 556,

16  559 (9th Cir. 2008) (ALJ's erroneous characterization of treating physicians' opinions

17  was harmless "because the ALJ provided proper, independent reasons for rejecting

18  these opinions").

19       The Court therefore finds that reversal is not warranted here based on the ALJ's

20  alleged failure to properly consider Dr. Barcohana's opinion.

21

22  **B.**   **The ALJ failed to make a proper adverse credibility determination**

23       **(Disputed Issue Two).**

24       Disputed Issue Two is directed to the ALJ's adverse credibility determination

25  with respect to plaintiff's subjective symptom testimony.  (See Jt Stip at 15-23.)

26       An ALJ's assessment of pain severity and claimant credibility is entitled to

27  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

28  Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  Under the "Cotton test," where the

claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that she was unable to work because of abdominal pain, back pain, chronic weakness and atrophy in her right leg since childhood, and depression.  (See AR 45-49.)  She also testified that she could sit for 20-25 minutes at most, that she would then have to stand up to relieve her back pain, that she could walk or stand for 15 minutes at time, and that she required a cane for walking long distances.  (See AR 47, 48.)  Plaintiff also testified that since her back surgery, the pain on her right side had improved but that the pain on her left side was still "really bad."  (See AR 47.)

In her decision, the ALJ twice acknowledged the "two-step process" for evaluating subjective pain and symptom testimony, in which the ALJ must (1) determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms and (2) determine the credibility of plaintiff's statements based on a consideration of the entire case record.  (See AR 29, 30.)

However, despite twice acknowledging this two-step process, the ALJ did not apply either step.  First, nowhere in her decision did the ALJ make an explicit determination whether plaintiff had presented objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of pain or other symptoms.  The Court finds that the ALJ's failure to make this threshold

determination constituted a failure to apply the correct legal standard in assessing plaintiff's subjective pain and symptom testimony.  See 20 C.F.R. § 404.1529(b) (discussing the Commissioner's duty to make a threshold determination of whether a medically determinable impairment(s) could reasonably be expected to produce a claimant's alleged symptoms); Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (to determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis, the first of which requires determining "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'") (quoting Bunnell, 947 F.2d at 344); Smolen, 80 F.3d at 1281-82 (first stage of credibility analysis involves threshold determination of whether a claimant produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptom); see also Craig v. Chater, 76 F.3d 585, 596 (4th Cir. 1996) (reversible error for ALJ to fail to expressly consider threshold question of whether claimant had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged).

Second, and more critically, nowhere in her decision did the ALJ proffer any discernible reasons for her apparent rejection of the credibility of plaintiff's subjective symptom testimony based on consideration of the entire case record. Instead, the administrative decision reflects that the ALJ twice set out the proper legal standard for evaluating plaintiff's subjective symptom testimony, briefly summarized plaintiff's testimony, and discussed the medical evidence with a few isolated references to plaintiff's testimony.  (See AR 29-32.)  This does not satisfy the Ninth Circuit requirement that an ALJ, before making an adverse credibility determination, specifically identify what subjective symptom testimony is not credible and explain how the record evidence undermines it.  See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide 'clear and convincing' reasons to reject a

1  claimant's subjective testimony, by specifically identifying 'what testimony is not
2  credible and what evidence undermines the claimant's complaints.'") (quoting <u>Lester</u>
3  <u>v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1996)), <u>cert. denied</u>, 552 U.S. 1141 (2008);
4  <u>Dodrill</u>, 12 F.3d at 918 ("If the ALJ wished to reject Dodrill's pain testimony, he was
5  required to point to specific facts in the record which demonstrate that Dodrill is in
6  less pain than she claims."); <u>Ceguerra v. Sec'y of Health and Human Svcs.</u>, 933 F.2d
7  735, 738 (9th Cir. 1991) (noting that an ALJ may not "tacitly reject" a witness's
8  testimony and that "[w]hen the decision of an ALJ rests on a negative credibility
9  evaluation, the ALJ must make findings on the record and must support those
10 findings by pointing to substantial evidence on the record"); <u>Fair v. Bowen</u>, 885 F.2d
11 597, 602 (9th Cir. 1989) ("In order to disbelieve a claim of excess pain, an ALJ must
12 make specific findings justifying that decision."); <u>Lewin v. Schweiker</u>, 654 F.2d 631,
13 635 (9th Cir. 1981) ("Because the ALJ's decision neither expressly discredits Lewin's
14 testimony nor articulates any reasons for questioning her credibility, . . . it cannot
15 stand.").

16      Although the Commissioner proffers some reasons on which the ALJ could
17 have relied to support an adverse credibility determination (<u>see</u> Jt Stip at 19-21), the
18 ALJ did not expressly invoke any of these reasons for not crediting plaintiff's
19 subjective symptom testimony.  Accordingly, the Court is unable to consider any of
20 them in order to uphold the ALJ's adverse credibility determination.  <u>See</u> <u>Connett v.</u>
21 <u>Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003); <u>Ceguerra</u>, 933 F.2d at 738.

22      The Court therefore finds that reversal is warranted here because the ALJ failed
23 to make a proper adverse credibility determination with respect to plaintiff's
24 subjective symptom testimony.

25
26              **CONCLUSION AND ORDER**

27      The law is well established that the decision whether to remand for further
28 proceedings or simply to award benefits is within the discretion of the Court.  <u>See</u>,

9

1   e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

2   603; Lewin, 654 F.2d at 635.  Remand is warranted where additional administrative

3   proceedings could remedy defects in the decision.  See, e.g., Kail v. Heckler, 722 F.2d

4   1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for the payment of

5   benefits  is  appropriate  where  no  useful  purpose  would  be  served  by  further

6   administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980);

7   where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425

8   (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits,

9   Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

10       Weighing in favor of a remand for further administrative proceedings here is

11  the fact that this is not an instance where no useful purpose would be served by

12  further administrative proceedings.  Rather, additional administrative proceedings

13  conceivably could remedy the defects in the ALJ's decision.

14       The Court is mindful of Ninth Circuit case authority holding that "the district

15  court should credit evidence that was rejected during the administrative process and

16  remand for an immediate award of benefits if (1) the ALJ failed to provide legally

17  sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that

18  must be resolved before a determination of disability can be made; and (3) it is clear

19  from the record that the ALJ would be required to find the claimant disabled were

20  such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

21  see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

22  1038 (2000)[2]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human

23  Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988).  Under the foregoing case

24  authority, when this test is met, the Court will take the improperly discredited

25

26  _____

27       [2]    In Harman, the Ninth Circuit noted that this three-part test "really

28  constitutes a two part inquiry, wherein the third prong is a subcategory of the
    second." Harman, 211 F.3d at 1178 n.7.

10

testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony.   This rule applies to a claimant's improperly discredited excess pain and other subjective symptom testimony. However, in <u>Connett</u>, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. <u>See</u> <u>id.</u>

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here.   Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED:  <u>June 13, 2014</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3]      It is not the Court's intent to limit the scope of the remand.